**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT ASHLAND**
**CIVIL ACTION NO. _____**
*Electronically Filed*

**DUANE KISER**                                                                                              **PLAINTIFF**

**v.**

**FCA US LLC**                                                                                              **DEFENDANT**
      *Serve via Certified Mail, Return Receipt Requested*
      Registered Agent for Service of Process:
      The Corporation Trust Company
      Corporate Trust Center
      1209 Orange Street
      Wilmington, Delaware 19801

---

## CLASS ACTION COMPLAINT

---

Plaintiff Duane Kiser, individually and on behalf of a class of others similarly situated, states as follows for his Complaint against Defendant FCA US LLC:

### INTRODUCTION

1.     Defendant is a North American automaker that designs, engineers, manufactures, distributes, and sells vehicles under various brands, including Chrysler, Jeep, Dodge, Ram, and Fiat.[1]

2.     Defendant has designed, developed, engineered, and programmed a proprietary voice-activated, in-dash infotainment system known as Uconnect, which, in fact, is a registered trademark of FCA US LLC.

3.     Uconnect provides an integrated radio, phone, navigation, and entertainment system, complete with various mobile apps.

---

[1] Defendant formerly operated, until December 2014, under the name Chrysler Group, LLC.

4.      At least one of the Uconnect systems available on the model-year 2015 Jeep Renegade, version 6.5/RA4, does not work as intended, marketed, or warranted by Defendant.

5.      One or more design, engineering, or programming defects prevent certain Uconnect features, such as the GPS navigation system and Weather Map mobile app, from working properly or, in many instances, from working at all. Lessors and purchasers of the 2015 Jeep Renegade with the Uconnect version 6.5/RA4 have therefore been deprived of the full benefit of their bargained purchase.

6.      In fact, the service advisor and service manager employed at a Jeep dealership in eastern Kentucky, as well as a regional service manager, have indicated that the design, engineering, or software programming defects impact the use and functionality of every Uconnect version 6.5/RA4, which was available only in the 2015 (and 2016) Jeep Renegade.

7.      On June 25, 2015, Plaintiff purchased a 2015 Jeep Renegade with the Uconnect version 6.5/RA4 (the "Vehicle"), paying an additional $1,245.00 for the Uconnect system. Plaintiff specifically purchased this Vehicle, with this Uconnect version, because it provided a navigation feature, a Weather Map mobile app, and a Wi-Fi "hot spot," through which Plaintiff could obtain internet access.

8.      Since the purchase date, the Weather Map mobile app has not worked at all. None of the symbols, graphics, or other information depicted in the app's glossary present on the screen, and at no time has any weather information ever been presented.

9.      Since the purchase date, the GPS navigation system has been out-of-date and has repeatedly failed during use.

10.      Since the purchase date, the Wi-Fi hot spot has failed repeatedly.

11.     Plaintiff has taken the Vehicle to Grayson Chrysler Jeep Dodge, a dealership in Grayson, Kentucky, for attempted service and repair of the Uconnect system on no fewer than eight occasions, resulting in the loss of use of his vehicle for approximately 75 days.

12.     To date, no fix, software update, or programming modification has provided a solution to any of the problems with the Uconnect system installed in the Vehicle.

13.     To the contrary, attempted software updates have created new problems. For instance, software updates to the GPS navigation system have not updated key features like roads and intersections, travel distances, and estimated arrival times; however, the updates have caused the navigation system to freeze and then go blank.

14.     No attempted software updates to the Weather Map mobile app have done anything to cure the total deficiencies with the mobile app. However, any combination of these updates, alone or in conjunctions with the attempted updates to the GPS navigation system, have interfered with the functionality with the keyless entry fob and the rear-view back-up camera.

15.     Plaintiff brings this action on behalf of himself and a class of similarly-situated purchasers and lessors of the 2015 Jeep Renegade in which the Uconnect version 6.5/RA4 was installed. Plaintiff and the class either paid more for the Vehicles than they would have paid had they known of the defects, or they would not have purchased the Vehicles at all had they known of the defects.

16.     To the extent warranted by developing facts, Plaintiff will further supplement the list of defective Uconnect versions that have been installed in any of Defendant's vehicles.

## PARTIES, JURISDICTION, AND VENUE

17.     Plaintiff is, and at all times relevant to this action was, a citizen and resident of Flatwoods, Greenup County, Kentucky.

18.     Defendant is a Delaware limited liability company that maintains its principal place of business in the State of Michigan.

19.     The Court has personal jurisdiction over Defendant because Defendant is authorized to and conducts substantial business in Kentucky, generally, and this District, specifically. Defendant has marketed, promoted, distributed, and sold the subject vehicles in Kentucky.

20.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because the proposed class has more than 100 members; at least one member of the proposed class is a citizen of a State different from Defendant; and the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs.

21.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this action occurred in this District as the defects in Plaintiff's vehicle manifested themselves within this District.

**FACTS**

22.     On June 25, 2015, Plaintiff purchased the Vehicle from Goldy Chrysler Dodge Jeep Ram in Huntington, West Virginia.

23.     Plaintiff specifically wanted, requested, and purchased the Uconnect version 6.5/RA4 because of, *inter alia*, the represented and warranted GPS navigation system capabilities, Weather Map mobile app, and Wi-Fi hot spot feature.

24.     Plaintiff paid an additional $1,245.00 for the Uconnect version 6.5/RA4.

25.     Since the purchase date, neither the GPS navigation, the Weather Map app, nor Wi-Fi hot spot feature has worked as represented, marketed, and warranted by Defendant.

26.     With respect to the GPS navigation feature, Defendant touts its reliability by stating, "[l]et Uconnect provide directions, traffic updates and alternate routes. You just relax and enjoy the ride."[2]

27.     Defendant further states as follows: "Uconnect has teamed up with the leaders in navigation . . . to ensure you know where you are, where you're going, and how long it'll take to get there. Well-designed maps help you slip through traffic, while merging and turning using sensor assisted GPS. Audio directions and voice prompts provide turn-by-turn guidance."[3]

28.     The Uconnect version 6.5/RA4 in the 2015 Jeep Renegade, however, falls woefully short of Defendant's representations. The navigation system is outdated and fails to show, and cannot show, many roads or speed limits on which the Vehicle travels. In other instances, the navigation system will provide turn-by-turn guidance on routes traveling in one direction, but not the same route traveling in the opposite direction; will fail to show an accurate estimated arrival time; and will fail to show accurate distances to the final destination. At other times, the navigation system will freeze, restart the route search, and then fail completely.

29.     To date, Defendant has refused to provide an up-to-date GPS navigation system and has been unable, despite multiple opportunities, to otherwise correct the defects in the GPS navigation system.

30.     With respect to the Weather Map mobile app, Defendant represents that "[n]either snow nor sleet nor rain will ever catch you with the top down. With Uconnect . . . you're in control."[4]

---

[2] http://www.driveuconnect.com (last visited May 20, 2016).
[3] http://www.driveuconnect.com/features/navigation (last visited May 20, 2016).
[4] http://www.driveuconnect.com (last visited May 20, 2016).

31.     Defendants further states as follows: "[g]et weather alerts, 5-day forecasts and detailed weather maps. Weather radar brings you information on storm direction, speed and track, including hurricanes, tropical storms and other severe weather."[5]

32.     Contrary to Defendant's representations, the Weather Map mobile app does not work at all with the Uconnect version 6.5/RA4. The glossary for the Weather Map provides a variety of symbols and graphics to be displayed on the map, along with their corresponding meaning. The map itself, however, does not display any of the symbols or graphics. Due to one or more design, engineering, or software programming defects, the Weather Map mobile app will never do so.

33.     The symbols and graphics itemized in the glossary of the exact same Weather Map mobile app built for the Uconnect version 8.4A/RA3 and 8.4AN/RA4, both optional with the 2015 Jeep Cherokee and Grand Cherokee models, properly display on the map. The symbols and graphics do not, and will not, properly display on the map for the Uconnect version 6.5/RA4, the version in Plaintiff's Vehicle, because of one or more design, engineering, or software programming defects.

34.     As a result, Plaintiff has paid more for his Vehicle than he would have paid had he known of the defects, or he would not have purchased the Vehicle at all had he known of the defects.

35.      On September 2, 2015, just over two months after Plaintiff purchased the Vehicle, he informed Defendant, through Grayson Chrysler Jeep Dodge, that the GPS navigation system was out of date and that it showed incorrect roads, intersections, distances, and expected arrival times. The dealership attempted to update the software on the Uconnect system.

---

[5] http://www.driveuconnect.com/features/detail/travel (last visited May 20, 2016).

36.     On October 13, 2015, Plaintiff returned his vehicle to the dealership, complaining again that the GPS navigation system was still outdated and, further, that the GPS screen, when in use, would freeze and then go blank. The dealership again attempted a software update.

37.     On December 22, 2015, Plaintiff returned his vehicle to the dealership, complaining that the GPS navigation system would freeze, restart the route search, and then fail to continue operating. Plaintiff also informed Defendant, through its dealership, that the Weather Map mobile app did not work at all. In response, the dealership ordered and installed a new Uconnect version 6.5/RA4.

38.     The new system, however, did not work. On January 5, 2016, approximately two weeks after the new system was installed, Plaintiff returned the vehicle to the dealership. The GPS navigation system was still outdated and would still freeze during operation, and the Weather Map mobile app still did not work. The dealership confirmed Plaintiff's complaints and attempted yet another software update.

39.     Plaintiff also reported several new problems that had began to occur after the new system was installed. For instance, his Uconnect registration failed, he could not access the Uconnect store, and the Wi-Fi hot spot feature continually failed. The Uconnect system was to be replaced yet again.

40.     Plaintiff returned his vehicle to the dealership on February 2, 2016, just days after the Uconnect system was replaced for the second time. He reported, again, that the Weather Map mobile app, GPS navigation system, and the Wi-Fi hot spot were not working at all.

41.     Plaintiff returned his vehicle to the dealership for the last time on March 8, 2016. He reported, yet again, that the Uconnect version 6.5/RA4 was not working correctly, repeating a

variety of the previous complaints that had not been fixed or cured despite multiple opportunities to do so.

42.     Despite owning his Vehicle for less than a year, and no fewer than eight trips to the dealership to correct the obvious issues with his Uconnect version 6.5/RA4, Defendant has been unable to do so. Repeated software updates and even system replacements have not fixed any of the issues or cured any of the defects.

43.     After his last visit to the dealership, the service advisor informed Plaintiff that, according to a regional service manager employed by Defendant, there was no problem with Plaintiff's Vehicle because all Jeep Renegades with the Uconnect system version 6.5/RA4 would fail in the same way.

44.     After his last visit to the dealership, the service manager informed Plaintiff that every Jeep Renegade with the Uconnect version 6.5/RA4 would fail in the same way.

45.     Since the last visit to the dealership, Plaintiff has experienced even more problems with his Uconnect system. For instance, he lost the use of his vehicle for approximately seven days because of the potential for his keyless entry to fail, and the rear-view back-up camera goes blank, failing to provide a camera view of the rear of the Vehicle or any distances between the Vehicle and surrounding objects.

46.     Plaintiff has also reported all of the defects with his Uconnect version 6.5/RA4 with Defendant, and its Customer Assistance Center has assigned Plaintiff's complaints as Case No. 28514340. To date, however, Defendant has done nothing to fix, correct, or remedy any of the defects described in this Complaint.

47. Upon information and belief, the defect(s) found in the Uconnect version 6.5/RA4 in Plaintiff's Vehicle exist(s) in all 2015 Jeep Renegades in which the Uconnect version 6.5/RA4 was installed, and potentially in all 2016 Jeep Renegades in which the Uconnect version 6.5/RA4 was installed.

## CLAIMS

## CLASS ACTION ALLEGATIONS

48. Plaintiff restates, and incorporates by reference, each of the allegations contained in Paragraphs 1-47 above.

49. Plaintiff seeks relief in his individual capacity and seeks to represent a class consisting of other similarly-situated purchasers. Pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, Kiser seeks certification of a nationwide class initially defined as follows:

> All persons in the United States who currently own or lease, or formerly owned or leased, a 2015 Jeep Renegade in which the Uconnect version 6.5/RA4 was installed (the "Class").

50. Excluded from the Class is Defendant and its subsidiaries, affiliates, executives, officers, directors, employees, agents, heirs, and assigns. Also excluded from the Class is Defendant's legal counsel; all judges presiding over this action and all Court personnel to whom this case is assigned, including their immediate families; and those who purchased for the purpose of resale the 2015 Jeep Renegade in which the Uconnect version 6.5/RA4 was installed.

51. Plaintiff reserves the right to modify or amend the Class definition after an appropriate opportunity for discovery to enlarge the defined class, provide greater specificity, or divide the class into subclasses.

52. <u>Numerosity, Fed. R. Civ. P. 23(a)(1)</u>. The Class is so numerous that joinder of all members is neither feasible nor practicable. While the precise number of Class members has yet to be determined, Plaintiff reasonably believes that many thousands of consumers purchased or leased a 2015 Jeep Renegade in which the Uconnect version 6.5/RA4 was installed.

53. <u>Commonality, Fed. R. Civ. P. 23(a)(2)</u>. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions of law and fact include, but are not limited to:

a. Whether the Uconnect version 6.5/RA4, which was installed in the 2015 Jeep Renegade, suffers from one or more design, engineering, or software programming defects;

b. Whether Defendant violated the Kentucky Consumer Protection Act, KRS § 367.110, *et seq.*;

c. Whether Defendant violated the West Virginia Consumer Credit and Protection Act, W.V. Code § 46A-6-101 *et seq.*;

d. Whether Defendant violated other States' statutes prohibiting unfair and deceptive acts and practices;

e. Whether Defendant breached its express warranty and violated KRS § 355.2-313 and W.Va. Code § 46-2-313;

f. Whether Defendant breached its express warranty and violated the express warranty provisions contained in other States' commercial codes;

g. Whether Defendant breached its implied warranty of merchantability and violated KRS § 355.2-314 and W.Va. Code § 46-2-314;

        h.       Whether Defendant breached its implied warranty of merchantability and violated the implied warranty of merchantability provisions contained in other States' commercial codes;

        i.       Whether Defendant violated the Magnusson-Moss Warranty Act;

        j.       Whether Defendant breached any common law warranties; and

        k.       Whether Defendant was unjustly enriched.

54.      <u>Typicality, Fed. R. Civ. P. 23(a)(3)</u>. Plaintiff's claims are typical of the Class, and Plaintiff possesses the same interest and has suffered the same injury as the members of the Class. Plaintiff and all Class members paid more for their vehicles than they would have paid had they known about the defects with the Uconnect version 6.5/RA4, or they would not have bought the Uconnect system, or the vehicle, at all.

55.      <u>Adequacy of Representation, Fed. R. Civ. P. 23(a)(4)</u>. Plaintiff will fairly and adequately represent and protect the best interests of the Class. None of Plaintiff's interests conflict with the Class's interest, and Plaintiff will vigilantly prosecute his claims and the Class's claims.

56.      <u>Superiority of Class Action, Fed. R. Civ. P. 23(b)(3)</u>. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as joinder of all of the Class members is impracticable and the potential recovery on an individualized basis is modest. Furthermore, adjudication of this action through a class action will avoid the possibility of inconsistent and potentially conflicting individual adjudications of the asserted claims. There will be no difficulty in the management of this action as a class action.

57.      <u>Adequacy of class counsel, Fed. R. Civ. P. 23(g)</u>. Plaintiff's counsel is both competent and experienced in litigating class actions and other complex litigation. Plaintiff's

counsel will commit and devote the necessary time and resources to zealously representing Plaintiff and the Class.

## COUNT 1:
## Violation of the Magnusson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*

58. Plaintiff restates, and incorporates by reference, each of the allegations contained in Paragraphs 1-57 above.

59. Plaintiff brings this claim on behalf of himself and on behalf of the Class.

60. The 2015 Jeep Renegade in which the Uconnect version 6.5/RA4 was installed, which was designed, engineered, manufactured, distributed, and sold by Defendant, is a "consumer product" within the meaning of 15 U.S.C. § 2301(1).

61. Plaintiff and the Class members are "consumers" within the meaning of 15 U.S.C. § 2301(3).

62. Defendant is a "supplier" and "warrantor" within the meaning of 15 U.S.C. § 2301(4), (5).

63. Defendant expressly (in writing) and impliedly affirmed and warranted that the Vehicle, including the Uconnect version 6.5/RA4, was of good and merchantable quality and fit.

64. Defendant expressly affirmed and warranted that the Vehicle, including the Uconnect version 6.5/RA4, was included under a Basic Limited Warranty that covered the cost of all parts and labor needed to repair any item on the Vehicle that was defective in materials, workmanship, or factory preparation at the time it left the manufacturing plant.

65. Defendant expressly affirmed and warranted that it would make all necessary repairs and adjustments as provided under the Basic Limited Warranty.

66. Defendant's express (in writing) and implied affirmations and warranties became part of the basis of the bargain between Plaintiff and Defendant.

67.     Defendant breached its warranties to Plaintiff, and the Class, when the Vehicles, including the Uconnect version 6.5/RA4, did not perform as represented, affirmed, and warranted, and thereafter when Defendant was unable to fix, remedy, or repair the Vehicle, including the Uconnect version 6.5/RA4, to a fully and properly functioning condition that satisfied Defendant's affirmations, representations, and warranties.

68.     The amount in controversy of Plaintiff's individual claim exceeds the sum or value of $25.00, and the amount in controversy, computed on the basis of all claims to be determined in this lawsuit, exceeds the sum or value of $50,000.00, exclusive of interest and costs.

69.     Plaintiff has placed Defendant on notice of the defects with the Uconnect version 6.5/RA4, and Defendant has had a reasonable opportunity to cure the complained-of defects. To date, despite nearly eight attempts to do so, Defendant has been unable to cure the complained-of defects. Accordingly, any requirement under the MMWA or otherwise that Plaintiff resort to any informal dispute resolution procedure or afford Defendant a reasonable opportunity to cure its breach of warranties is either excused or deemed satisfied.

70.     As a direct and proximate result of Defendant's breach of express (in writing) and implied warranties, Plaintiff and the Class sustained damages and other losses. Plaintiff and the Class are entitled to recover damages; diminution in value; specific performance; costs, expenses, and attorneys' fees; and any other appropriate compensatory or equitable relief.

### COUNT 2:
### Violation of Kentucky Consumer Protection Act, KRS § 367.110 *et seq.*

71.     Plaintiff restates, and incorporates by reference, each of the allegations contained in Paragraphs 1-70 above.

72.     Plaintiff brings this claim on behalf of himself and on behalf of the Class.

73.     Defendant misrepresented the use and functionality of the Uconnect version 6.5/RA4.

74.     Defendant's unfair, false, deceptive, or misleading statements, representations, and affirmations were made with the intent that Plaintiff and the Class rely on them in their decision to purchase or lease the Vehicle, including the Uconnect version 6.5/RA4.

75.     Plaintiff and the Class relied on such unfair, false, deceptive, or misleading statements, representations, and affirmations in their decision to purchase or lease the Vehicle, including the Uconnect version 6.5/RA4.

76.     The unfair, false, deceptive, or misleading statements, representations, and affirmations violate the Kentucky Consumer Protection Act.

77.     As a direct and proximate result of Defendant's unfair, false, deceptive, or misleading conduct, Plaintiff and the Class have sustained and will continue to sustain economic losses and other damages for which they are entitled to compensatory, equitable, and declaratory relief.

78.     Defendant's unfair, false, deceptive, or misleading conduct was either knowing, willful, and intentional, or, alternatively, demonstrated a lack of care, recklessness, or conscious disregard for the rights of Plaintiff and the Class, and thus Plaintiff and the Class are entitled to punitive damages.

## COUNT 3:
### Violation of West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-6-101 *et seq.*

79.     Plaintiff restates, and incorporates by reference, each of the allegations contained in Paragraphs 1-78 above.

80.     Plaintiff brings this claim on behalf of himself and on behalf of the Class.

- 14 -

81.     Defendant misrepresented the use and functionality of the Uconnect version 6.5/RA4.

82.     Defendant's unfair, false, deceptive, or misleading statements, representations, and affirmations were made with the intent that Plaintiff and the Class rely on them in their decision to purchase or lease the Vehicle, including the Uconnect version 6.5/RA4.

83.     Plaintiff and the Class relied on such unfair, false, deceptive, or misleading statements, representations, and affirmations in their decision to purchase or lease the Vehicle, including the Uconnect version 6.5/RA4.

84.     The unfair, false, deceptive, or misleading statements, representations, and affirmations violate the West Virginia Consumer Credit and Protection Act.

85.     As a direct and proximate result of Defendant's unfair, false, deceptive, or misleading conduct, Plaintiff and the Class have sustained and will continue to sustain economic losses and other damages for which they are entitled to compensatory, equitable, and declaratory relief.

86.     Defendant's unfair, false, deceptive, or misleading conduct was either knowing, willful, and intentional, or, alternatively, demonstrated a lack of care, recklessness, or conscious disregard for the rights of Plaintiff and the Class, and thus Plaintiff and the Class are entitled to punitive damages.

87.     Plaintiff has placed Defendant on notice of the defects with his Vehicle, including the Uconnect version 6.5/RA4, and Defendant has had a reasonable opportunity to cure the complained-of defects. To date, despite nearly eight attempts to do so, Defendant has been unable to cure the complained-of defects. Accordingly, any requirement under the West Virginia Consumer Credit and Protection Act or otherwise that Plaintiff resort to any informal dispute

resolution procedure or afford Defendant a reasonable opportunity to cure is either excused or deemed satisfied.

<u>**COUNT 4:**</u>
**<u>Violation of Other State Statutes Prohibiting Unfair, False, Deceptive, or Misleading Acts and Practices</u>**

88.     Plaintiff restates, and incorporates by reference, each of the allegations contained in Paragraphs 1-87 above.

89.     Plaintiff brings this claim on behalf of the Class.

90.     The respective trade-practices act in each State was enacted following the passage of the Federal Trade Commission Act, which prohibits deceptive acts and practices in the sale of products to consumers. These state statutes are modeled after the Federal Trade Commission Act and, therefore, are mostly, if not completely, similar in content.

91.     Defendant's actions, as set forth above, violate the respective trade-practices acts of the various States: Ala. Code § 8-19-1 *et seq.* (**Alabama**); Alaska Stat. § 45.50.471 *et seq.* (**Alaska**); Ariz. Rev. Stat. Ann. § 44-1521 *et seq.* (**Arizona**); Ark. Code Ann. §4-88-101 *et seq.* (**Arkansas**); Cal. Bus. & Prof. Code § 17200 *et seq.* (**California**); Colo. Rev. Stat. § 6-1-101 *et seq.* (**Colorado**); Conn. Gen. Stat. § 42-110a *et seq.* (**Connecticut**); Del. Code Ann. tit. 6, § 2531 *et seq.* (**Delaware**); Fla. Stat. Ann. § 501.201 *et seq.* (**Florida**); Ga. Code Ann. § 10-1-370 *et seq.*; § 10-1-390 *et seq.*; and § 10-1-420 *et seq.* (**Georgia**); Haw. Rev. Stat. § 480 *et seq.* (**Hawaii**); Idaho Code § 48-601 *et seq.* (**Idaho**); 815 Ill. Comp. Stat. Ann. § 505/1 *et seq.* (**Illinois**); Ind. Code Ann. § 24-5-0.5-1 *et seq.* (**Indiana**); Iowa Code § 714.16 (**Iowa**); Kan. Stat. Ann. § 50-623 *et seq.* (**Kansas**); La. Rev. Stat. Ann. § 51:1401 (**Louisiana**); Me. Rev. Stat. tit. 5, § 206 *et seq.* (**Maine**); Md. Code Ann., Com. Law § 13-101 *et seq.* (**Maryland**); Mass. Ann. Laws ch. 93A (**Massachusetts**); Mich. Comp. Laws Serv. § 445.901 *et seq.* (**Michigan**); Minn. Stat. Ann. §

325D.44, § 325D.13 (**Minnesota**); Miss. Code Ann. § 75-24-1 *et seq.* (**Mississippi**); Mo. Rev. Stat. § 407.010 *et seq.* (**Missouri**); Mont. Code Ann. § 30-14-101 *et seq.* (**Montana**); Neb. Rev. Stat. Ann. § 59-1601, § 87-301 *et seq.* (**Nebraska**); Nev. Rev. Stat. Ann. § 598.0903 *et seq.*, § 41.600 *et seq.* (**Nevada**); N.H. Rev. Stat. Ann. § 358-A:1 *et seq.* (**New Hampshire**); N.J. Stat. Ann. § 56:8-1 *et seq.* (**New Jersey**); N.M. Stat. Ann. § 57-12-1 *et seq.* (**New Mexico**); N.Y. Gen. Bus. Law §§ 349, 350 (**New York**); N.C. Gen. Stat. § 75-1.1 *et seq.* (**North Carolina**); N.D. Cent. Code § 51-15-01 *et seq.* (**North Dakota**); Ohio Rev. Code Ann. § 1345.01 *et seq.* (**Ohio**); Okla. Stat. Ann. tit. 15, § 751 *et seq.*, Okla. Stat. Ann. tit. 78, § 51 *et seq.* (**Oklahoma**); Or. Rev. Stat. § 646.605 *et seq.*, Or. Rev. Stat. § 616.005 (**Oregon**); 73 Pa. Stat. Ann. § 201-1 *et seq.* (**Pennsylvania**); 6 R.I. Gen. Laws § 13.1-1 *et seq.* (**Rhode Island**); S.C. Code Ann. § 39-5-10 *et seq.* (**South Carolina**); S.D. Codified Laws § 37-24-1 *et seq.* (**South Dakota**); Tenn. Code Ann. § 47-18-101 *et seq.* (**Tennessee**); Tex. Bus. & Com. Code Ann. § 17.41 *et seq.* (**Texas**); Utah Code Ann. § 13-11-1 *et seq.* (**Utah**); Vt. Stat. Ann. tit. 9, § 2451 *et seq.* (**Vermont**); Va. Code Ann. § 59.1-196 *et seq.* (**Virginia**); Wash. Rev. Code Ann. § 19.86 *et seq.* (**Washington**); D.C. Code § 28-3901 *et seq.* (**Washington, D.C.**); Wis. Stat. Ann. § 100.18 *et seq.* (**Wisconsin**); and Wyo. Stat. Ann. § 40-12-101 *et seq.* (**Wyoming**).

92.     As a direct, proximate, and foreseeable result of Defendant's unfair, false, deceptive, or misleading conduct, Plaintiff and the Class have sustained and will continue to sustain economic losses and other damages for which they are entitled to compensatory, equitable, and declaratory relief.

93.     Defendant's unfair, false, deceptive, or misleading conduct was either knowing, willful, and intentional, or, alternatively, demonstrated a lack of care, recklessness, or conscious

disregard for the rights of Plaintiff and the Class, and thus Plaintiff and the Class are entitled to punitive damages.

### Count 5:
### Breach of Express Warranty – KRS § 355.2-313 and W.Va. Code § 46-2-313

94.     Plaintiff restates, and incorporates by reference, each of the allegations contained in Paragraphs 1-93 above.

95.     Plaintiff brings this claim on behalf of himself and on behalf of the Class.

96.     Defendant expressly affirmed and warranted (in writing) that the Uconnect version 6.5/RA4 was of good and merchantable quality and fit.

97.     Defendant expressly affirmed and warranted (in writing) that the Uconnect version 6.5/RA4 was covered under a Basic Limited Warranty, which covered the cost of all parts and labor needed to repair any item on the Vehicle that was defective in materials, workmanship, or factory preparation when it left the manufacturing plant.

98.     Defendant express affirmed and warranted (in writing) that it would make all necessary repairs and adjustments as provided under the Basic Limited Warranty.

99.     Defendant's express (in writing) affirmations and warranties became part of the basis of the bargain between Plaintiff and Defendant.

100.    Defendant breached its warranties to Plaintiff, and the Class, when the Uconnect version 6.5/RA4 did not perform as represented, affirmed, and warranted, and thereafter when Defendant was unable to fix, remedy, or repair the Uconnect version 6.5/RA4 to a fully and properly functioning condition that satisfied Defendant's affirmations, representations, and warranties.

101. As a direct and proximate result of Defendant's breach of express warranties, Plaintiff and the Class sustained damages and other losses. Plaintiff and the Class are entitled to recover compensatory damages; diminution in value; specific performance; costs, expenses, and attorneys' fees; and any other appropriate compensatory or equitable relief.

### Count 6:
### Breach of Express Warranty – All Other States

102. Plaintiff restates, and incorporates by reference, each of the allegations contained in Paragraphs 1-101 above.

103. Plaintiff brings this claim on behalf of himself and on behalf of the Class.

104. Defendant's actions, as set forth above, violate the breach-of-warranty protections enacted by the various States: Ala. Code § 7-2-313 (**Alabama**); Alaska Stat. § 45.02.313 (**Alaska**); Ariz. Rev. Stat. Ann. § 47-2313 (**Arizona**); Ark. Code Ann. § 4-2-313 (**Arkansas**); Cal. Com. Code § 2313 (**California**); Colo. Rev. Stat. § 4-2-313 (**Colorado**); Conn. Gen. Stat. § 42a-2-313 (**Connecticut**); Del. Code Ann. tit. 6, § 2-313 (**Delaware**); Fla. Stat. Ann. § 672.313 (**Florida**); Ga. Code Ann. § 11-2-313 (**Georgia**); Haw. Rev. Stat. § 490:2-313 (**Hawaii**); Idaho Code § 28-2-313 (**Idaho**); 810 Ill. Comp. Stat. Ann. § 5/2-313 (**Illinois**); Ind. Code Ann. § 26-1-2-313 (**Indiana**); Iowa Code § 554.2313 (**Iowa**); Kan. Stat. Ann. § 84-2-313 (**Kansas**); La. Rev. Stat. Ann. §§ 51:1942-1943 (**Louisiana**); Me. Rev. Stat. tit. 11, § 2-313 (**Maine**); Md. Code Ann., Com. Law § 2-313 (**Maryland**); Mass. Ann. Laws ch. 106, § 2-313 (**Massachusetts**); Mich. Comp. Laws Serv. § 440.2313 (**Michigan**); Minn. Stat. Ann. § 336.2-313 (**Minnesota**); Miss. Code Ann. § 75-2-313 (**Mississippi**); Mo. Rev. Stat. § 400.2-313 (**Missouri**); Mont. Code Ann. § 30-2-313 (**Montana**); Neb. Rev. Stat. Ann. § 2-313 (**Nebraska**); Nev. Rev. Stat. Ann. § 104.2313 (**Nevada**); N.H. Rev. Stat. Ann. § 382-A:2-313 (**New Hampshire**); N.J. Stat. Ann. § 12A:2-313 (**New Jersey**); N.M. Stat. Ann. § 55-2-313 (**New Mexico**); N.Y. U.C.C. Law § 2-313 (**New York**); N.C. Gen.

Stat. § 25-2-313 (**North Carolina**); N.D. Cent. Code § 41-02-30 (**North Dakota**); Ohio Rev. Code Ann. § 1302.26 (**Ohio**); Okla. Stat. Ann. tit. 12A, § 2-313 (**Oklahoma**); Or. Rev. Stat. § 72.3130 (**Oregon**); 13 Pa. Cons. Stat. § 2313 (**Pennsylvania**); 6A R.I. Gen. Laws § 2-313 (**Rhode Island**); S.C. Code Ann. § 36-2-313 (**South Carolina**); S.D. Codified Laws § 57A-2-313 (**South Dakota**); Tenn. Code Ann. § 47-2-313 (**Tennessee**); Tex. Bus. & Com. Code Ann. § 2.313 (**Texas**); Utah Code Ann. § 70A-2-313 (**Utah**); Vt. Stat. Ann. tit. 9A, § 2-313 (**Vermont**); Va. Code Ann. § 8.2-313 (**Virginia**); Wash. Rev. Code Ann. § 62A.2-315 (**Washington**); D.C. Code § 28:2-313 (**Washington, D.C.**); Wis. Stat. Ann. § 402.313 (**Wisconsin**); Wyo. Stat. Ann. § 34.1-2-313 (**Wyoming**).

105.    As a direct and proximate result of Defendant's breach of express warranties, Plaintiff and the Class sustained damages and other losses. Plaintiff and the Class are entitled to recover compensatory damages; diminution in value; specific performance; costs, expenses, and attorneys' fees; and any other appropriate compensatory or equitable relief.

### Count 7:
### Breach of Implied Warranty of Merchantability – KRS § 355.2-314 and W.Va. Code § 46-2-314

106.    Plaintiff restates, and incorporates by reference, each of the allegations contained in Paragraphs 1-105 above.

107.    Plaintiff brings this claim on behalf of himself and on behalf of the Class.

108.    Defendant impliedly warranted that the Uconnect system version 6.5/RA4 was of good and merchantable quality and fit.

109.    As described above, there are one or more design, engineering, or software programming defects with the Uconnect version 6.5/RA5, preventing the Uconnect system from fully and properly functioning as warranted.

110.    These defects with the Uconnect version 6.5/RA5 existed at the time the Vehicle

left Defendant's manufacturing facility and at the time the Vehicle was sold to Plaintiff and sold

or leased to each putative Class member. Because of the defects, Plaintiff and the Class did not

receive the benefit of the bargain, as the Vehicle is worth less than what Plaintiff and the Class

actually paid.

111.    As a direct and proximate result of Defendant's breach of implied warranties,

Plaintiff and the Class sustained damages and other losses. Plaintiff and the Class are entitled to

recover compensatory damages; diminution in value; specific performance; costs, expenses, and

attorneys' fees; and any other appropriate compensatory or equitable relief.

**Count 8:**
**Breach of Implied Warranty of Merchantability – All Other States**

112.    Plaintiff restates, and incorporates by reference, each of the allegations contained

in Paragraphs 1-111 above.

113.    Plaintiff brings this claim on behalf of himself and on behalf of the Class.

114.    Defendant's actions, as set forth above, violate the breach-of-implied-warranty-of-

merchantability protections enacted by the various States: Ala. Code § 7-2-314 (**Alabama**); Alaska

Stat. § 45.02.314 (**Alaska**); Ariz. Rev. Stat. Ann. § 47-2314 (**Arizona**); Ark. Code Ann. § 4-2-314

(**Arkansas**); Cal. Com. Code § 2314 (**California**); Colo. Rev. Stat. § 4-2-314 (**Colorado**); Conn.

Gen. Stat. § 42a-2-314 (**Connecticut**); Del. Code Ann. tit. 6, § 2-314 (**Delaware**); Fla. Stat. Ann.

§ 672.314 (**Florida**); Ga. Code Ann. § 11-2-314 (**Georgia**); Haw. Rev. Stat. § 490:2-314 (**Hawaii**);

Idaho Code § 28-2-314 (**Idaho**); 810 Ill. Comp. Stat. Ann. § 5/2-314 (**Illinois**); Ind. Code Ann. §

26-1-2-314 (**Indiana**); Iowa Code § 554.2314 (**Iowa**); Kan. Stat. Ann. § 84-2-314 (**Kansas**); La.

Civ. Code Ann. art. 2475, 2520 (**Louisiana**); Me. Rev. Stat. tit. 11, § 2-314 (**Maine**); Md. Code

Ann., Com. Law § 2-314 (**Maryland**); Mass. Ann. Laws ch. 106, § 2-314 (**Massachusetts**); Mich.

- 21 -

Comp. Laws Serv. § 440.2314 (**Michigan**); Minn. Stat. Ann. § 336.2-314 (**Minnesota**); Miss. Code Ann. § 75-2-314 (**Mississippi**); Mo. Rev. Stat. § 400.2-314 (**Missouri**); Mont. Code Ann. § 30-2-314 (**Montana**); Neb. Rev. Stat. Ann. § 2-314 (**Nebraska**); Nev. Rev. Stat. Ann. § 104.2314 (**Nevada**); N.H. Rev. Stat. Ann. 382-A:2-314 (**New Hampshire**); N.J. Stat. Ann. § 12A:2-314 (**New Jersey**); N.M. Stat. Ann. § 55-2-314 (**New Mexico**); N.Y. U.C.C. Law § 2-314 (**New York**); N.C. Gen. Stat. § 25-2-314 (**North Carolina**); N.D. Cent. Code, § 41-02-31 (**North Dakota**); Ohio Rev. Code Ann. 1302.27 (**Ohio**); Okla. Stat. Ann. tit. 12A, § 2-314 (**Oklahoma**); Or. Rev. Stat. § 72.3140 (**Oregon**); 13 Pa. Cons. Stat. § 2314 (**Pennsylvania**); 6A R.I. Gen. Laws § 2-314 (**Rhode Island**); S.C. Code Ann. § 36-2-314 (**South Carolina**); S.D. Codified Laws § 57A-2-314 (**South Dakota**); Tenn. Code Ann. § 47-2-314 (**Tennessee**); Tex. Bus. & Com. Code Ann. § 2.314 (**Texas**); Utah Code Ann. § 70A-2-314 (**Utah**); Vt. Stat. Ann. tit. 9A, § 2-314 (**Vermont**); Va. Code Ann. § 8.2-314 (**Virginia**); Wash. Rev. Code Ann. § 62A.2-314 (**Washington**); D.C. Code § 28:2-314 (**Washington, D.C.**); Wis. Stat. Ann. § 402.314 (**Wisconsin**); Wyo. Stat. Ann. § 34.1-2-314 (**Wyoming**).

115.    As a direct and proximate result of Defendant's breach of express (in writing) warranties, Plaintiff and the Class sustained damages and other losses. Plaintiff and the Class are entitled to recover compensatory damages; diminution in value; specific performance; costs, expenses, and attorneys' fees; and any other appropriate compensatory or equitable relief.

### Count 9:
### Breach of Common Law Warranty / Unjust Enrichment

116.    Plaintiff restates, and incorporates by reference, each of the allegations contained in Paragraphs 1-115 above.

117.    Plaintiff brings this claim on behalf of himself and on behalf of the Class.

118.    To the extent that Defendant's repair or adjustment commitment is deemed not to be a warranty, either express or implied, under Kentucky, West Virginia, or any other State's Commercial Code, Plaintiff affirmatively pleads in the alternative under the common law.

119.    Defendant limited the remedies available to Plaintiff and the Class to repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Defendant, and warranted the quality and nature of those services to Plaintiff and the Class.

120.    Defendant breached this warranty or contract obligation by failing to fix, repair, or otherwise remedy the defects with the Uconnect version 6.5/RA4.

121.    As a direct, proximate, and foreseeable result of Defendant's actions, Plaintiff and the Class have been damaged in an amount to be proven at trial, which shall include, but is not limited to, compensatory damages; incidental and consequential damages; equitable relief; declaratory relief; and any and all other damages allowed by law.

122.    In the alternative, Defendant had knowledge of, or should have had knowledge of, the defects with the Uconnect version 6.5/RA4, which it failed to disclose to Plaintiff and the Class.

123.    As a result of its wrongful actions or omissions, as set forth above, Defendant charged a higher price for the Vehicle than the Vehicle's true value, or leased the Vehicle at a higher price than the Vehicle's true lease value, and Defendant obtained monies which rightfully belonged to Plaintiff and the Class.

124.    Plaintiff and the Class conferred a benefit upon Defendant by paying for the Uconnect version 6.5/RA4. It is unjust and inequitable for Defendant to retain the benefit, the full payment, in light of the defects with the Uconnect version 6.5/RA4 that impair its full use and functionality.

125.   Plaintiff and the Class, therefore, are entitled to restitution and seek an order establishing Defendant as a constructive trustee of the profits unjustly and inequitably obtained from Plaintiff and the Class, with interest.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, individually and on behalf of the members of the Class proposed in this Class Action Complaint, respectfully requests as follows:

A.   that the Court enter judgment in his favor, and in the Class's favor, on all claims asserted against Defendant;

B.   that the Court declare this action a proper class action, certify the Class as requested, designate Plaintiff as the Class representative, and appoint Plaintiff's counsel as Class counsel;

C.   that the Court order Defendant to pay compensatory damages, statutory damages, and any other monetary relief to Plaintiff and the Class;

D.   that the Court order Defendant to pay punitive damages, as allowable by law, to Plaintiff and the Class;

E.   that the Court order Defendant to pay attorneys' fees, litigation costs, and expenses to Plaintiff and the Class;

F.   that the Court order Defendant to pay both pre-judgment and post-judgment interest on any amounts awarded; and

G.   that the Court order any and all other relief to which Plaintiff and the Class are entitled.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, individually and on behalf of the Class, demands a trial by jury.

Respectfully submitted,

**/s/ Matthew T. Lockaby**
Matthew T. Lockaby
Lockaby PLLC
1795 Alysheba Way, Suite 4207
Lexington, Kentucky 40509
Tele:   859.263.7884
Fax:    844.270.3044
Email: mlockaby@lockabylaw.com

*Counsel for Plaintiff, Duane Kiser*